UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SKIP AND WHISTLE, LLC d/b/a SKIP N' WHISTLE,<br><br>Plaintiff,<br><br>-against-<br><br>OLD GLORY, LLC, RED ROCKET MERCHANDISING CORP. and iMERCHANDISE, LLC,<br><br>Defendants. | Case No.: 3:14-cv-_____<br><br>JANUARY 17, 2014<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Skip and Whistle, LLC d/b/a Skip N' Whistle ("Skip N' Whistle"), by its attorneys Carmody, Torrance, Sandak & Hennessey LLP, complains and alleges against defendants Old Glory, LLC, Red Rocket Merchandising Corp. and iMerchandise, LLC (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action for an injunction, damages and other appropriate relief arising out of Defendants' violations of Section 106 of the Copyright Act, 17 U.S.C. § 101, *et seq.* (hereinafter the "Copyright Act"), Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, as well as Defendants' unfair competition and deceptive trade practices under the state and common law of the State of Connecticut in connection with Skip N' Whistle's highly successful line of Christmas-themed clothing.

2. As detailed more fully below, Defendants capitalized on the popularity of Skip N' Whistle's Christmas sweater-inspired works by creating direct replicas of Skip N' Whistle's

{N0986042}

designs and selling those knockoffs on Amazon, tethered to Skip N' Whistle's listings, at prices well below Skip N' Whistle's. Defendants also sold their infringing merchandise on eBay and on their own website. In some cases, Defendants even stole Skip N' Whistle's product photographs and used them in order to market Defendants' infringing goods. Worse of all, Defendants continued unabashedly to sell the merchandise even after Skip N' Whistle asked Defendants to stop.

3. As a result, Defendants usurped Skip N' Whistle's market and caused Skip N' Whistle's sales to plummet dramatically – right at the height of Skip N' Whistle's top sales season for its Christmas-themed merchandise. In addition, Defendants' predatory sales of cheap counterfeit sweaters have caused untold and irreparable damage to Skip N' Whistle's name and goodwill.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and Section 39 of the Lanham Act, 15 U.S.C. §1121(a). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

5. Upon information and belief, this Court has personal jurisdiction over the Defendants because they transact business within this District and have caused injury to Skip N' Whistle's interests in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

7. Plaintiff Skip N' Whistle is a limited liability company with its principal place of business at 13433 Seymour Meyers Boulevard, Suite 9, Covington, Louisiana. For over six

years, Skip N' Whistle has specialized in the graphic design and production of clothing for men, women and children and has created a portfolio of well over one thousand designs.

8. Upon information and belief, Defendant Old Glory, LLC ("Old Glory") is a limited liability company with its principal place of business at 90 Knothe Road, Westbrook, Connecticut.

9. Upon information and belief, Defendant Red Rocket Merchandising Corp. ("Red Rocket") is a Connecticut corporation with a place of business at 47 Industrial Park Road, Centerbrook, Connecticut.

10. Upon information and belief, Defendant iMerchandise, LLC ("iMerchandise") is a limited liability company with a place of business at 47 Industrial Park Road, Centerbrook, Connecticut.

11. The aforementioned Defendants are in the business of selling cheap tee-shirts and other apparel featuring popular properties, including those connected to or consisting of brand logos, bands, motion pictures, television shows and sports teams. Upon information and belief, some of these products infringe the rights of other intellectual property owners, in addition to Skip N' Whistle.

## FACTUAL BACKGROUND

**Skip N' Whistle's Designs and Merchandise**

12. Skip N' Whistle is the exclusive owner of all intellectual property rights in and to its highly successful line of Christmas-themed clothing featuring designs such as the "Christmas Unicorn Design," the "Deer in the Snow Design," the "Cat Jumping Design," and the "Santa Dinosaur Design" (collectively, the "Designs"). True and correct copies of garments bearing the Designs (the "Merchandise") are attached hereto as Exhibit 1.

{N0986042}

13. The Designs were created in 2012 by Chris Reams, a founder and employee of Skip N' Whistle. Skip N' Whistle began selling and distributing the Merchandise in October and November of 2012.

14. Skip N' Whistle has received extensive publicity relating to its "Christmas sweater" designs. Their designs have been reviewed by hundreds of bloggers, featured in pages of numerous magazines and fashion websites including Pinterest, Wanelo, Facebook and Fab.com, and showcased on various news outlets such as ESPN, CNN and the *Today Show*.

15. Skip N' Whistle's Designs are unique and widely known and Skip N' Whistle has enjoyed tremendous success since the initial sale of the Merchandise. To date, Skip N' Whistle has sold thousands of pieces of Merchandise, including sweatshirts and t-shirts, on various platforms, including Amazon, eBay, and its own website, www.skipnwhistle.com, amounting to approximately one million dollars in sales each year.

16. As a member of Amazon's Brand Registry Program, Skip N' Whistle has increased control over the sale of its Merchandise on www.amazon.com and consistently titles its product listings using its brand name, for example "Skip N' Whistle Men's Christmas Sweater Reindeer in Snow Sweatshirt."

17. On December 16, 2013, Skip N' Whistle obtained four registrations with the U.S. Copyright Office in connection with the four aforementioned Designs (VA 1-884-186, VA 1-884-187, VA 1-884-188, VA 1-884-188), true and correct copies of which are attached hereto as Exhibit 2.

18. At all times relevant to this Complaint, Skip N' Whistle is and has been the sole and exclusive owner of the Designs, including in connection with the manufacture and sale of the Merchandise.

**Defendants' Infringing Acts**

19.     Through investigation, Skip N' Whistle learned that, in or around late 2013, Defendants began to manufacture, offer for sale, sell and distribute merchandise bearing Skip N' Whistle's well-known Designs (the "Counterfeit Merchandise"), without authorization in Old Glory's retail stores, through merchandising companies, including Red Rocket and iMerchandise, and through online channels such as Amazon, eBay, and Old Glory's own website, www.oldglory.com.

20.     The Counterfeit Merchandise slavishly replicates every stylistic detail of the original, creative Designs. True and correct copies of photographs of Counterfeit Merchandise bearing the infringing Designs are attached hereto as Exhibit 3.

21.     On information and belief, Defendants have affixed labels bearing the name "Old Glory" to the Counterfeit Merchandise.

22.     Defendants have not only usurped the creative expression of the Designs, but also advertise and sell the Counterfeit Merchandise under the guise of Skip N' Whistle's Amazon listings, thereby deceiving consumers into associating their Counterfeit Merchandise with Skip N' Whistle when no such association exists. Defendants deliberately maintain their association with Skip N' Whistle's Amazon listings by repeatedly slashing the prices of their Counterfeit Merchandise, thereby steering consumers into purchasing Counterfeit Merchandise instead of Skip N' Whistle's genuine Merchandise. Defendants' false and misleading description of the Counterfeit Merchandise is nothing short of a calculated attempt to reap the benefit of Skip N' Whistle's success.

{N0986042}

5

23. Through such activities, Defendants have infringed and continue to infringe Skip N' Whistle's registered copyrights in the Designs, falsely designate the origin of their Counterfeit Merchandise and otherwise unfairly compete with Skip N' Whistle's Merchandise.

24. Moreover, Skip N' Whistle has received complaints from customers relating to Defendants' activities.

25. Defendants know their acts are willful and obstinately refuse to cease or desist. For example, in response to calls from Skip N' Whistle, Skip N' Whistle's owner was told by Defendants' employees that he could leave voice mail messages but that they would never be returned. When Skip N' Whistle's owner expressed his concerns to Ed Cook, the CEO of Old Glory, LLC, Cook commented sarcastically "welcome to Amazon" and then told Skip N' Whistle's owner the obviously false statement that every business that sells its products on Amazon automatically gives up all of its copyright interests. (In other words, every copyrighted item on Amazon has been injected into the public domain by virtue of selling on Amazon.com.) And, after eBay removed listings, Defendants told eBay that it had never sold the merchandise removed from its account even though it clearly had sold the items there – and continued to do so on its own website after the eBay listings were removed.

26. After repeated verbal attempts, on December 16, 2013, Skip N' Whistle sent a letter to Mr. Glenn Morelli, a manager at Old Glory, as well as Mr. Ed Cook and Mr. Chris Kappelman of Red Rocket, demanding that they cease and desist their unlawful conduct in connection with Skip N' Whistle's Merchandise. Neither Old Glory nor Red Rocket responded to the letter or complied with Skip N' Whistle's demands.

27. Skip N' Whistle estimates that it has lost and continues to lose thousands of dollars per day over the course of Defendants' bad acts, totaling a loss of over fifty thousand

dollars as a result of Defendants' unlawful conduct during the first fourteen days of Defendant's infringing acts alone.

## COUNT I – COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 *et seq.*)

28. Skip N' Whistle incorporates by reference the allegations in each of the preceding paragraphs 1-27 as if fully set forth herein.

29. The Designs – including the "Christmas Unicorn Design," the "Deer in the Snow Design," the "Cat Jumping Design," and the "Santa Dinosaur Design" – are original works of authorship and constitute copyrightable subject matter under the laws of the United States.

30. Skip N' Whistle duly complied with all laws pertinent to the Designs, registered the Designs with the U.S. Copyright Office (VA 1-884-186, VA 1-884-187, VA 1-884-188, and VA 1-884-189), and is the beneficial owner of the rights in the aforementioned works.

31. At all times relevant to the Complaint, Skip N' Whistle is and has been solely and exclusively authorized to, among other things, reproduce and distribute the Designs and any merchandise containing the Designs, including the Merchandise described herein.

32. Skip N' Whistle has not granted to Defendants any right or license to use the Designs in any manner whatsoever.

33. Defendants' unauthorized manufacture, reproduction and distribution of garments that bear designs that are identical to Skip N' Whistle's Designs therefore constitute infringement of Skip N' Whistle's exclusive rights in the copyrights in and to the Designs, all in violation of 17 U.S.C. § 106.

34. Upon information and belief, Defendants' infringement of Skip N' Whistle's copyrights in the Designs is deliberate, willful and in utter disregard of Skip N' Whistle's rights.

35. Defendants' acts have caused, and will continue to cause, irreparable injury to Skip N' Whistle. Skip N' Whistle has no adequate remedy at law and are thus entitled to an injunction along with damages in an amount to be determined at trial.

## COUNT II – FALSE DESIGNATION OF ORIGIN
### False Designation of Origin in Violation of Section 43(a)(1)(A) of the Lanham Act
### (15 U.S.C. § 1125(a)(1)(A))

36. Skip N' Whistle incorporates by reference the allegations in each of the preceding paragraphs 1-35 as if fully set forth herein.

37. Defendants' deliberate association with Skip N' Whistle Amazon listings, as aforesaid, has caused and is likely to continue to cause confusion, mistake or to deceive consumers into thinking that Defendants are affiliated, connected or associated with Skip N' Whistle and/or that Skip N' Whistle sponsors, endorses, licenses or approves Defendants' sale, offer for sale and/or advertisement of the Counterfeit Merchandise.

38. Upon information and belief, the aforesaid acts of Defendants constitute a false designation of origin, in that Defendants have failed to adequately inform consumers at the point of sale that the Counterfeit Merchandise is not Skip N' Whistle brand Merchandise, and is presenting the Counterfeit Merchandise as if it were Skip N' Whistle genuine Merchandise, in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. 1125§ (a)(1)(A)).

39. Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

40. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe upon the goodwill in the Skip N' Whistle brand, unless restrained by this Court.

41. Defendants' acts have caused, and will continue to cause, irreparable injury to Skip N' Whistle. Skip N' Whistle has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## COUNT III – COMMON LAW UNFAIR COMPETITION

42. Skip N' Whistle incorporates by reference the allegations in each of the preceding paragraphs 1-41 as if fully set forth herein.

43. Upon information and belief, Defendants have, without the consent of Skip N' Whistle, sold, distributed and/or advertised Skip N' Whistle's Designs, including by tethering their listings to Skip N' Whistle's listings.

44. Defendants' unlawful acts of holding themselves out as offering Skip N' Whistle Merchandise, when in fact they were selling Counterfeit Merchandise and had no connection to or affiliation with Skip N' Whistle, were designed to, and are likely to, confuse and mislead consumers into mistakenly believing that Defendants' Counterfeit Merchandise is associated with Skip N' Whistle's genuine Merchandise or is in some way connected with or endorsed by Skip N' Whistle.

45. The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Connecticut.

46. By reason of Defendants' acts of unfair competition, Skip N' Whistle has suffered and will continue to suffer irreparable injury including substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill and damage to its reputation.

47. Defendants' acts have caused, and will continue to cause, irreparable injury to Skip N' Whistle, and Skip N' Whistle has no adequate remedy at law.

48. By reason of their acts or unfair competition, Defendants are liable to Skip N' Whistle for the actual damages incurred by Skip N' Whistle as a result of Defendants' acts and any additional profits of the Defendants attributable to the infringement, together with costs and attorneys' fees.

## COUNT IV – CONNECTICUT UNFAIR TRADE PRACTICES ACT
**Connecticut General Statutes § 42-110a, *et seq*.**

49. Skip N' Whistle incorporates by reference the allegations in each of the preceding paragraphs 1-48 as if fully set forth herein.

50. At all times material hereto, Defendants constitute "persons" within the meaning of Connecticut General Statutes § 42-110a(3).

51. The conduct of the Defendants, as alleged herein, is illegal, unscrupulous and immoral and is in violation of the public policy of the State of Connecticut.

52. Defendants' conduct, as aforesaid, was undertaken in wanton, willful or reckless disregard of the law, standards of business morality and public policy, and with intent to injury Skip N' Whistle.

53. Defendants' unfair and deceptive conduct caused substantial financial injury to Skip N' Whistle as a result of wrongfully associating themselves with Skip N' Whistle for their commercial benefit.

54. Defendants engaged and continue to engage in trade and commerce within the State of Connecticut, as defined in Connecticut General Statutes § 42-110a(4).

55. As a direct and proximate cause of Defendants' conduct, Skip N' Whistle has sustained an ascertainable loss of money.

56. Defendants' conduct violates the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a, *et seq*.

57. Defendants are liable to Skip N' Whistle pursuant to Connecticut General Statutes § 42-110a for its losses and other damages recoverable pursuant to CUTPA and are subject to equitable orders enjoining Defendants from continuing to utilize Skip N' Whistle's name for any purpose.

## PRAYER FOR RELIEF

WHEREFORE, Skip N' Whistle respectfully demands:

A. That the Court find that Defendants infringed Skip N' Whistle's copyrights in the Designs and engaged in false designation of origin, unfair competition, and unfair trade practices relating thereto;

B. A permanent injunction providing that, pursuant to 17 U.S.C. § 502 and 15 U.S.C. § 1116(a), Defendants, their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action and permanently thereafter from:

  i. manufacturing, reproducing, selling, offering for sale, promoting, advertising, distributing, and/or commercially exploiting in any manner, either directly or indirectly, the Counterfeit Merchandise or other works which incorporate the original, protectable Designs; and

  ii. using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' products are endorsed by Skip N' Whistle or are connected in any way with Skip N' Whistle; and

   iii. holding themselves out as licensees or otherwise authorized users of Skip N' Whistle's Designs.

C. For an order requiring an accounting, and that all gains, profits and advantages derived by Defendants by their acts of infringement be deemed held in constructive trust for the benefit of Skip N' Whistle.

D. That, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118, Defendants be required to deliver to the Court, or to some other person that the Court may designate, for ultimate destruction, any and all articles of merchandise, including sweaters, sweatshirts, t-shirts and /or other materials in Defendants' possession or control which might, if sold or distributed for sale, violate the injunction granted herein;

E. For Defendants' acts of copyright infringement, that Skip N' Whistle be entitled to recover all damages suffered by Skip N' Whistle as a result of Defendants' infringing acts and all profits derived from Defendants' wrongful acts in an amount to be determined at the trial of this action, as provided by 17 U.S.C. § 504(b);

F. That, pursuant to 15 U.S.C. § 1117, Defendants be awarded such damages available under the Lanham Act, including but not limited to, actual damages, Defendants' profits, treble damages, costs of suit and attorneys' fees;

G. That Skip N' Whistle be awarded punitive damages and attorneys' fees pursuant to Connecticut General Statutes § 42-110g(d); and

H. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Skip and Whistle, LLC demands a trial by jury on all issues so triable in this action.

Dated: New Haven, Connecticut
January 17, 2014

By: /s/ Howard K. Levine
Howard K. Levine (Federal Bar No. ct10555)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
Email: hlevine@carmodylaw.com

Eleanor M. Lackman (*pro hac vice* pending)
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474
Email: ELackman@cdas.com

*Attorneys for Plaintiff Skip and Whistle, LLC*

{N0986042}

13