UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SKIP AND WHISTLE, LLC<br>d/b/a SKIP N' WHISTLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>OLD GLORY, LLC, RED ROCKET<br>MERCHANDISING CORP. and<br>iMERCHANDISE, LLC,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 3:14-CV-00058-SRU<br><br><br><br><br><br><br>MARCH 19, 2014 |

## ANSWER TO COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Old Glory, LLC ("Old Glory"), Red Rocket Merchandising Corp. ("Red Rocket") and iMerchandise, LLC ("iMerchandise") hereby answer or otherwise respond to the allegations of the Complaint of Plaintiff Skip and Whistle, LLC d/b/a Skip N' Whistle ("Skip N' Whistle" or "Plaintiff") as follows. Where appropriate, Old Glory, Red Rocket and iMerchandise will be referred to collectively as the "Defendants."

### FIRST DEFENSE

The Defendants respond as follows to the allegations of Plaintiffs' Complaint as set forth in the numbered paragraphs thereof.

### RESPONSE TO ALLEGATIONS RELATING TO THE NATURE OF THE ACTION

1.　　Insofar as Paragraph 1 of the Complaint purports to describe Plaintiff's legal contentions and/or to summarize the relief that Plaintiff seeks in this action, no response is required. To the extent that a response may be required, the Defendants deny the allegations

1

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

contained in paragraph 1 of the Complaint and specifically deny that they have violated Section 106 of the Copyright Act or Section 43(a) of the Lanham Act or engaged in any unfair competition and/or deceptive trade practices under the state and common law of Connecticut in connection with Plaintiff's Christmas-themed clothing.

2. The Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. The Defendants deny the allegations contained in Paragraph 3 of the Complaint.

**RESPONSE TO ALLEGATIONS RELATING TO JURISDICTION AND VENUE**

4. Insofar as the allegations contained in paragraph 4 of the Complaint purport to state conclusions of law, no response is required. To the extent that the allegations contained in Paragraph 4 purport to allege facts, the Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Insofar as the allegations contained in paragraph 5 of the Complaint purport to state conclusions of law, no response is required. To the extent that the allegations contained in Paragraph 5 purport to allege facts, the Defendants admit that they transact business within the District of Connecticut and deny that they have caused injury to Skip N' Whistle's interests in the District of Connecticut.

6. Insofar as the allegations contained in paragraph 6 of the Complaint purport to state conclusions of law, no response is required. To the extent that the allegations contained in Paragraph 6 purport to allege facts, the Defendants deny the allegations contained in Paragraph 6 of the Complaint.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

## RESPONSE TO ALLEGATIONS RELATING TO THE PARTIES

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Old Glory admits that it is a limited liability company with its principal place of business at 90 Knothe Road, Westbrook, Connecticut.

9. Red Rocket admits that it is a Connecticut corporation with its principal place of business at 47 Industrial Park Road, Centerbrook, Connecticut.

10. iMerchandise admits that it is a limited liability company, but denies the remaining allegations contained in paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, the Defendants deny these allegations, except that they admit that they are engaged in the business of distributing certain apparel and other items. The Defendants specifically deny that any of their products infringe the intellectual property rights of Skip N' Whistle or any other entity.

## RESPONSE TO ALLEGATIONS RELATING TO FACTUAL BACKGROUND

12. Insofar as Paragraph 12 of the Complaint purports to state conclusions of law, no response is required. To the extent that Paragraph 12 purports to allege facts, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Insofar as Paragraph 13 of the Complaint purports to state conclusions of law, no response is required. To the extent that Paragraph 13 purports to allege facts, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15 of the Complaint, the Defendants deny that Skip N' Whistle's alleged Designs are "unique" and further answer that the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The Defendants deny that true and correct copies of four registrations filed with the U.S. Copyright Office are attached to the Complaint as Exhibit 2. Further answering, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, except that the Defendants admit that the three Certificates of Registration attached to the Complaint as Exhibit 3 speak for themselves as to their contents.

18. Insofar as Paragraph 18 of the Complaint purports to state conclusions of law, no response is required. To the extent that Paragraph 18 purports to allege facts, the Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the Complaint and specifically deny that the photographs attached as Exhibit 2 to the Complaint depict "Counterfeit Merchandise."

4

21. The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Insofar as Paragraph 22 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 22 purports to allege facts, the Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Insofar as Paragraph 23 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 23 purports to allege facts, the Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Insofar as the allegations contained in Paragraph 25 of the Complaint purport to describe Plaintiff's legal contentions and/or to state conclusions of law, no response is required. To the extent that Paragraph 25 purports to allege facts, the Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. The Defendants deny the allegations contained in Paragraph 26 of the Complaint, except that the Defendants admit that they received a letter from counsel for the Plaintiff dated December 16, 2013, which speaks for itself as to its contents.

27. The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**RESPONSE TO ALLEGATIONS OF COUNT I – COPYRIGHT INFRINGEMENT**

28. The Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 27 of the Complaint as though fully set forth here.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459
1462490v1

29.     Insofar as Paragraph 29 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 29 purports to allege facts, the Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Insofar as Paragraph 30 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 30 purports to allege facts, the Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Insofar as Paragraph 31 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 31 purports to allege facts, the Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Insofar as Paragraph 32 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 32 of the Complaint purports to allege facts, the Defendants deny that they used or copied the alleged Designs and admit that they never entered into a licensing agreement with Skip N' Whistle for Designs that the Defendants did not use or copy.

33.     Insofar as Paragraph 33 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required.  To the extent that Paragraph 33 purports to allege facts, the Defendants deny the allegations contained in Paragraph 33 of the Complaint.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

34. Insofar as Paragraph 34 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 34 purports to allege facts, the Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Insofar as Paragraph 35 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 35 purports to allege facts, the Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**RESPONSE TO ALLEGATIONS OF COUNT II – FALSE DESIGNATION OF ORIGIN**

36. The Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 35 of the Complaint as though fully set forth here.

37. Insofar as Paragraph 37 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 37 purports to allege facts, the Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Insofar as Paragraph 38 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 38 purports to allege facts, the Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Insofar as Paragraph 39 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

39 purports to allege facts, the Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Insofar as Paragraph 40 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 40 purports to allege facts, the Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Insofar as Paragraph 41 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 41 purports to allege facts, the Defendants deny the allegations contained in Paragraph 41 of the Complaint.

**RESPONSE TO ALLEGATIONS OF COUNT III –
COMMON LAW UNFAIR COMPETITION**

42. The Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as though fully set forth here.

43. Insofar as Paragraph 43 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 43 purports to allege facts, the Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Insofar as Paragraph 44 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 44 purports to allege facts, the Defendants deny the allegations contained in Paragraph 44 of the Complaint.

8

45. The Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. The Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. The Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of the Complaint.

### RESPONSE TO ALLEGATIONS OF COUNT IV – CONNECTICUT UNFAIR TRADE PRACTICES ACT

49. The Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 48 of the Complaint as though fully set forth here.

50. Insofar as Paragraph 50 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. To the extent that Paragraph 50 purports to allege facts, the Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. The Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. The Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Insofar as Paragraph 54 of the Complaint purports to describe Plaintiff's legal contentions or to state conclusions of law, no response is required. Insofar as Paragraph 54 purports to allege facts, Defendants Old Glory and iMerchandise deny that they engaged in any trade and commerce whatsoever with respect to the matters that are the subject of this action. Defendant Red Rocket admits that it is engaged in trade and commerce.

55. The Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. The Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. The Defendants deny the allegations contained in Paragraph 57 of the Complaint.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

## RESPONSE TO PRAYERS FOR RELIEF

Insofar as Plaintiff's Prayers for Relief, including paragraphs A through H thereof, purport to summarize the legal relief that Plaintiff seeks in this action or to state conclusions of law, no response is required. To the extent that a response may be required, the Defendants request that the Court deny all relief requested by Plaintiff; dismiss the Complaint and all causes of action alleged therein with prejudice; enter judgment in favor of the Defendants; and award the Defendants their costs and attorneys' fees in this action.

## SECOND DEFENSE

The Complaint and each and every purported cause of action alleged therein fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint is barred to the extent that the doctrines of laches, waiver, estoppel and/or unclean hands are applicable.

## FOURTH DEFENSE

Old Glory had no involvement in the sale or distribution of the products at issue in this case and therefore the claims against it should be dismissed with prejudice.

## FIFTH DEFENSE

iMerchandise had no involvement in the sale or distribution of the products at issue in this case and therefore the claims against it should be dismissed with prejudice.

## SIXTH DEFENSE

The Defendants did not copy or use Plaintiff's alleged Designs.

10

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

**SEVENTH DEFENSE**

The Defendants did not knowingly and intentionally copy or use Plaintiff's alleged Designs.

**EIGHTH DEFENSE**

The Defendants' products are not substantially similar to the Plaintiff's alleged Designs.

**NINTH DEFENSE**

The Defendants independently created the designs used in their products.

**TENTH DEFENSE**

The Defendants did not know or have reason to know that the Plaintiff's alleged Designs were copyrighted.

**ELEVENTH DEFENSE**

The Plaintiff's alleged Designs were not copyrighted at the time that any alleged acts of use or copying by Defendants occurred.

**TWELFTH DEFENSE**

The Plaintiff's alleged Designs are not entitled to protection under the copyright laws of the United States.

**THIRTEENTH DEFENSE**

The Plaintiff's alleged Designs are not original or lack sufficient creativity to be considered original.

**FOURTEENTH DEFENSE**

Plaintiff's alleged Designs contain non-original elements or elements that are simple or in the public domain.

11

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

### FIFTEENTH DEFENSE

Plaintiff's alleged Designs are not physically nor conceptually separate from the useful articles on which they were placed and therefore are not protectable. Accordingly, Plaintiff's alleged copyrights are invalid.

### SIXTEENTH DEFENSE

Plaintiff's alleged Designs are not entitled to protection based upon the *scenes a faire* doctrine.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### EIGHTEENTH DEFENSE

Plaintiff misused its copyright.

### NINETEENTH DEFENSE

Any use of Plaintiff's alleged Designs by Defendants was *de minimus*.

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the lack of volition doctrine.

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to statutory damages and attorneys' fees, including insofar as Plaintiff failed to register its alleged Designs within three months of the first publication of the Designs.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

## TWENTY-SECOND DEFENSE

Even if Plaintiffs could establish that the Defendants infringed upon their alleged Designs (which Defendants deny), Plaintiff has failed to allege facts that would entitle it to injunctive relief under the Copyright Act.

## TWENTY-THIRD DEFENSE

Plaintiff has not suffered any damages from the acts of the Defendants.

## TWENTY-FOURTH DEFENSE

The Defendants' products have not infringed, do not infringe (either directly or indirectly) and therefore the Defendants are not liable for infringement of any valid copyright of the Plaintiff including, without limitation, the alleged Designs.

## TWENTY-FIFTH DEFENSE

Plaintiff's registered copyrights are invalid.

## TWENTY-SIXTH DEFENSE

Plaintiff's registered copyrights are unenforceable.

## TWENTY-SEVENTH DEFENSE

Plaintiff does not have a cause of action under the Lanham Act, 15 U.S.C. §1125 insofar as Plaintiff's products do not contain or include any registered or unregistered trademark, service mark, trade name or trade dress.

## TWENTY-EIGHT DEFENSE

Defendants did not affix any tag, label or other indication that their products originated with Skip N' Whistle.

13

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

### TWENTY-NINTH DEFENSE

Defendants did not offer, advertise or in any manner represent that their products originated with Skip N' Whistle.

### THIRTIETH DEFENSE

Defendants did not engage in any conduct which confused or was intended to confuse any consumer or person into thinking that the Defendants' products were those of Skip N' Whistle.

### THIRTY-FIRST DEFENSE

No consumer or person was actually confused into thinking that the Defendants' products were those of Skip N' Whistle.

### THIRTY-SECOND DEFENSE

The Defendants did not engage in any unfair or deceptive acts, practices or conduct under the Connecticut Unfair Trade Practices Act or otherwise.

### THIRTY-THIRD DEFENSE

Any alleged confusion between Plaintiff's alleged Designs and Defendants' products was due to the acts or omissions of third-parties for whose conduct the Defendants are not liable including, but not limited to, Amazon.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for any alleged product confusion are barred insofar as Plaintiff agreed to Amazon's registry system.

14

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

## THIRTY-FIFTH DEFENSE

Skip N' Whistle is not entitled to trademark or trade dress protection for its Designs.

## THIRTY-SIXTH DEFENSE

The Defendants' products have not infringed, and do not infringe, upon Skip N' Whistle's trademark, service mark, trade dress or trade name, whether registered or unregistered.

## THIRTY-SEVENTH DEFENSE

Skip N' Whistle's Designs have only utilitarian functionality.

## THIRTY-EIGHT DEFENSE

Skip N' Whistle's Designs have only aesthetic functionality.

## THIRTY-NINTH DEFENSE

The Defendants' products did not and do not cause, and there is no probability of, any confusion with Skip N' Whistle's Designs.

> Respectfully submitted,
> OLD GLORY, LLC,
> RED ROCKET MERCHANDISING CORP.
> and iMERCHANDISE, LLC
> By their attorneys,
>
> /s/ John T. Harding
> _____
> John T. Harding (*pro hac vice*)
> PHV No. 06553
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210
> Tel: (617) 439-7558
> Fax: (617) 342-4888
> jharding@morrisonmahoney.com

15

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1

Cara D. Joyce
Fed. Bar. No. CT29007
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Tel: (860) 616-4441
Fax: (860) 244-3800
cjoyce@morrisonmahoney.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing document was filed electronically on this 19th day of March, 2014 and was served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing. Parties may access this filing through the Court's system.

*/s/ John T. Harding*

John T. Harding

16

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1462490v1