UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SKIP AND WHISTLE, LLC d/b/a SKIP
N' WHISTLE,
                Plaintiff,

v.

OLD GLORY, LLC, RED ROCKET
MERCHANDISING CORP. and
iMERCHANDISE, LLC,
                Defendants.

Case No. 3:14-cv-00058-SRU

**REPLY DECLARATION OF
ELEANOR M. LACKMAN**

ELEANOR M. LACKMAN declares as follows:

1. I am admitted *pro hac vice* to the Bar of this Court and am a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for plaintiff Skip and Whistle, LLC d/b/a Skip N' Whistle ("S&W"). I submit this reply declaration in further support of S&W's Memorandum of Law in Support of Motion for Leave to File a First Amended Complaint.

2. The misleading recitation of the case history set forth by Old Glory, LLC, Red Rocket Merchandising Corp., and iMerchandise, LLC (collectively the "Defendants") in their opposition brief merits clarification. The dates listed below accurately reflect the true events leading to the filing of the scheduling order:

- April 14, 2014 – After a Rule 26(f) conference held earlier that month, S&W sent its proposed scheduling order to Defendants;

- April 21, 2014 – After a round of comments, S&W sent its comments to Defendants;

- April 29, 2014 – Hearing nothing, S&W followed up with Defendants;

1

- April 30, 2014 – Defendants sent comments back, and S&W responded that afternoon; and

- May 2, 2014 – Defendants filed the scheduling order with the Court via CM/ECF.

3. The deadline to amend the pleadings set forth in the scheduling order was set for June 1, 2014, several months after the lawsuit was filed due to Defendants' repeated requests for extensions of time to answer, but shortly after the order was entered due to the protracted discussions about the order after the conference.

4. On May 8, 2014, the day after the scheduling order that the parties had discussed for weeks was entered, I left for a long-planned business trip to Asia, and did not return to the office until May 27, 2014. Particularly given how loosely Defendants have treated the deadlines in this case, and considering that I had already explained to Defendants' counsel that I was dealing with a sudden and prolonged family illness starting on April 13, 2014, I reasonably understood that we would be able to easily amend the scheduling order if need be pursuant to Fed. R. Civ. P. 15, if not by consent. Indeed, S&W has consented to requests by Defendants to extend deadlines (although, in hindsight, the requests appear to be designed to allow Defendants' to take no action for longer periods of time).

5. We waited until July 23, 2014 to serve deposition notices because Defendants still had not responded to the written discovery requests, leaving S&W without the information it needed for the case. Around that time, for the same reasons, we issued subpoenas to Amazon and eBay to obtain information that had been long promised. The subpoenas largely sought information that had been promised to me prior to the opening of formal discovery – information that we still do not have despite following up. My assumption is that the reason we do not have it is due to the fact that it would implicate Glenn Morelli in the acts at issue in this case.

6. The idea that the parties are on a strict timeline is completely false, at least as far as the Defendants are concerned. S&W served its First Set of Requests For The Production of Documents and Things on June 13, 2014, but did not receive a response from Defendants until August 11, 2014. It was not until September 29, 2014 that Defendants finally produced some responsive documents. It similarly took Defendants more than two months to respond to provide answers to S&W's interrogatories. S&W served its First Set of Interrogatories on June 20, 2014, but Defendants did not respond until September 2, 2014. Despite raising concerns about the interrogatories on September 15, 2014, we still have not received an answer as to when our concerns will be addressed. Despite raising issues about document deficiencies several weeks ago, even in a conference with the Court, Defendants have indicated that they will comply with nearly all the requests set out in our June 13, 2014 document request but still have not told me with any certainty when they can expect to tell me when they will know that the requested documents will be produced. In contrast, S&W has timely complied with Defendants' discovery demands, including several follow-up requests. Thus, for Defendants to suggest that S&W has been dilatory in any way is nothing less than reprehensible and should not be tolerated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 7, 2014
　　　　New York, New York

_____
ELEANOR M. LACKMAN