UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SKIP AND WHISTLE, LLC,
    Plaintiff,

v.

OLD GLORY LLC, ET AL.,
    Defendants.

No. 3:14-cv-58 (SRU)

## CONFERENCE MEMORANDUM AND ORDER

On July 20, 2015, I held a telephone conference on the record with counsel for the plaintiff, Skip and Whistle, LLC, and counsel for the defendants, Old Glory LLC, Red Rocket Merchandising Corporation, iMerchandise, LLC, Artist Brands and Glenn Morelli.  The purpose of the call was to address the plaintiff's motion to amend its complaint (doc. # 89) and the plaintiff's motion to compel (doc. # 97).

After discussion with the parties, I denied without prejudice the plaintiff's motion to compel, because the parties failed to meet and confer as required by Local Rule 37(a).  I granted in part and denied in part the plaintiff's motion to amend, as follows:

1. The plaintiff may amend its complaint to add Inventory Direct, LLC as a defendant.  The plaintiff may also seek leave to amend its complaint to include Old Glory Distributing, Inc. as a defendant if the plaintiff can demonstrate that entity is related to the other defendants in this case.  The plaintiff may not add Tees Plus or Old Glory Boutique as defendants, because both appear to be unincorporated divisions of existing defendants and, as such, are not capable of being sued in their own names.  *E.g., Randolph Found. v. Appeal From Probate Court of Westport*, No. X05CV980167903S, 2001 WL 418059, at *10 (Conn. Super. Ct. Apr. 3, 2001); *ITT Semiconductors v. Matheson Gas Products*, 5 Conn. L. Rptr. 80 (Conn. Sup. Ct. Oct. 2, 1991); *see also Isaac v. Mount Sinai Hospital*, 3 Conn. App. 598, 600 (1985) ("It is elemental that in order to confer

        jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue.")).

2. The motion to amend is denied without prejudice with respect to the inclusion of statutory damages under 17 U.S.C. § 504(c).  A copyright holder may not elect statutory damages under section 504 if "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412; *see also On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 n.1 (2d Cir. 2001), *as amended* (May 15, 2001).  It is undisputed that the infringement alleged in the proposed amended complaint commenced after first publication of the work and that the effective date of registration was over a year after the work was first published.  The proposed amended complaint contains no allegations of new infringement supporting recovery of statutory damages; thus, the proposed amendment would be futile.

During the call, I also ordered the parties to meet and confer in person or by telephone to address the issues raised in my rulings on the motion to amend and motion to compel.  With respect to the motion to compel, the parties should work through outstanding discovery requests and attempt to resolve the relevant issues.  With respect to the motion to amend, the parties should endeavor to reach an agreement regarding the claims and defendants to be added, as well as an appropriate schedule for additional discovery.  If the plaintiff intends to pursue claims related to new infringement, the parties should discuss whether the plaintiff should do so through seeking leave to amend the complaint in this action or by instituting a separate action.

      The meet and confer should take place within the next two weeks. The parties should report back to the court no later than Wednesday, August 12 regarding: (1) any discovery requests they were unable to resolve and their respective positions; (2) any agreement regarding the contents of an amended complaint and a corresponding discovery schedule; and (3) a proposed briefing schedule for a subsequent motion to amend if no agreement is reached.

Finally, I ordered the parties to address the defendants' motion to quash the subpoena duces tecum issued by the plaintiff to non-party Richard Paladino (doc. # 108). I suggested that issues raised by motion to quash might well be resolvable and urged the parties to come to an agreement during their meet and confer.

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of July 2015.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge