UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SKIP AND WHISTLE, LLC d/b/a SKIP
N' WHISTLE,

                              Plaintiff,

                                                    Case No. 3:14-cv-00058-SRU

           v.

OLD GLORY, LLC, RED ROCKET
MERCHANDISING CORP., iMERCHANDISE,
LLC, ARTIST BRANDS, LLC, and GLENN
MORELLI,

                              Defendants.

## JOINT PRE-TRIAL MEMORANDUM

1.   **TRIAL COUNSEL:**

     (a)   **Plaintiff's Trial Counsel:**

Eleanor M. Lackman (*pro hac vice*)
Marissa B. Lewis (*pro hac vice pending*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Phone: (212) 974-7474
Fax: (212) 974-8474
Email: ELackman@cdas.com

Howard K. Levine (ct10555)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Phone: (203) 777-5501
Fax: (203) 784-3199
Email: HLevine@carmodylaw.com

     (b)   **Defendants' Trial Counsel:**

John T. Harding (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, 3rd Floor

1

Boston, MA 02110
Phone: (857) 313-3931
Fax: (857) 313-3951
Email: John.Harding@lewisbrisbois.com

Josephine Brosas (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
Phone: (213) 580-6310
Fax: (213) 250-7900
Email: Josephine.Brosas@lewisbrisbois.com

Christopher E. H. Sanetti (ct27920)
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Pearl Street, Suite 1348
Hartford, CT 06103
Phone: (860) 748-4806
Fax: (860) 748-4857
Email: Christopher.Sanetti@lewisbrisbois.com

**2.**     __JURISDICTION:__  This Court has federal jurisdiction pursuant to 28 U.S.C. §§ 1131,

1138(a) and 1138(b) because Plaintiff asserts claims that arise under the law of the United States,

namely, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1125.  This

Court has supplemental jurisdiction over Plaintiff's state-law claims, namely, common law unfair

competition and Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. § 42-110a, *et seq.*,

pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal-question

claims that they form part of the same case or controversy.  In addition, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship

between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs,

exceeds $75,000.00.

**3.**     __JURY/NONJURY:__  The claims will be tried to a jury.

4.    **LENGTH OF TRIAL:**  The Court has entered an Order scheduling the trial for five days,

commencing on March 21, 2016.  *See* Dkt. 221.[1]

5.    **FURTHER PROCEEDINGS:**  The Court has ordered the parties to attend a pretrial

conference on March 17, 2016 at 5:00pm.  *See* Dkt. 219.

6.    **NATURE OF CASE:**

    **(a)**    **Plaintiff's Statement:**  This is an action by plaintiff Skip and Whistle, LLC d/b/a

Skip N' Whistle ("Plaintiff") against defendants Red Rocket Merchandising Corp., iMerchandise,

LLC, Old Glory, LLC, Artist Brands LLC (collectively, the "Corporate Defendants") and Glenn

Morelli ("Morelli" and, together with the Corporate Defendants, the "Defendants") for copyright

infringement, trademark infringement and unfair competition in connection with Plaintiff's

Christmas-themed merchandise (the "Ugly Christmas Merchandise") and its inherently distinctive

brand name, "SKIP N' WHISTLE."  Defendants' actions were calculated to cause, and in fact have

caused, harm to Plaintiff.  Accordingly, Plaintiff brings this action to recover damages (including

actual damages, treble damages, and punitive damages) and equitable relief (in the form of an

injunction) arising from Defendants' violation of Plaintiff's rights under the Copyright Act, 17

U.S.C. § 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1117, the Connecticut Unfair Trade Practices

Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA"), and common law unfair competition.

    Direct and Vicarious Copyright Infringement:  Although the Court found that Defendants

infringed Plaintiff's copyrights in its ugly Christmas designs (the "Ugly Christmas Designs") as a

matter of law, *see* Dkt. 201 (holding Corporate Defendants directly liable, and Morelli vicariously

---

[1] Per Judge Underhill's request at the February 26 motions hearing, the parties conferred and submitted to the Court an estimated length of trial – three to four days, prior to jury selection on March 8, 2016.  *See* Dkt. 215.

liable, for copyright infringement), it is for the jury to determine the amount of damages Plaintiff suffered as a result of such infringement (as discussed more fully below).

Contributory Copyright Infringement:  Plaintiff asserts a claim for contributory copyright infringement against Morelli arising from his involvement in copying and distributing the copies of the Ugly Christmas Merchandise (the "Alleged Counterfeit Merchandise") without permission. Morelli participated in, or was at least consulted concerning, the creation, selection, development, decision to offer for sale, and/or sales of the Alleged Counterfeit Merchandise, and there is no question that he provided the "site and facilities" or the "central hub" for the infringing activity. Morelli knew, or at the very least, should have known of the Corporate Defendants' copyright infringement.  Morelli supervised and was in near-constant communication with individuals responsible for copying and selling the Alleged Counterfeit Merchandise – presumably one of them told Morelli about what they were doing and, if not, Morelli should have noticed; and, Morelli frequently visited the retail stores where he could have easily seen the Alleged Counterfeit Merchandise being sold.

Infringement of Unregistered Trademark:  Plaintiff asserts a Lanham Act claim against Defendants for infringement of an unregistered trademark arising from Defendants' use of SKIP N' WHISTLE-branded listings to sell their Alleged Counterfeit Merchandise.  Defendants populated and uploaded to Amazon spreadsheets that were devised to "match" the Alleged Counterfeit Merchandise to the SKIP N' WHISTLE-branded listings of genuine Ugly Christmas Merchandise: Defendants entered the name "SKIP N' WHISTLE" in the "brand name" column of the spreadsheet, and the unique identifier corresponding to the genuine Ugly Christmas Merchandise in the "Amazon Standard Identification Number" ("ASIN").  By tethering their listings to the SKIP N' WHISTLE-branded listings, Defendants held themselves out as offering genuine Skip N' Whistle

4

Christmas Merchandise, when in fact they were not.  Defendants' association with the SKIP N'

WHISTLE-branded Amazon listings, as aforesaid, is likely to cause consumer confusion as to the

origin of the product they are purchasing and to deceive consumers into mistakenly believing that

the Alleged Counterfeit Merchandise is associated with, or in some way connected with or endorsed

by, Plaintiff.

      <u>Contributory and Vicarious Trademark Infringement</u>:  Plaintiff asserts that Morelli is

contributorily and vicariously liable for the Corporate Defendants' unauthorized and infringing use

of Plaintiff's SKIP N' WHISTLE trademark.  Plaintiff claims that Morelli is contributorily liable for

trademark infringement because he knew or had reason to know that the Corporate Defendants were

infringing Plaintiff's SKIP N' WHISTLE mark, and continued to supply them with access to the

marketplaces essential to the sale of the Alleged Counterfeit Merchandise, including online seller

accounts and the www.oldglory.com website.  Plaintiff further claims that Morelli is vicariously

liable because he had the right and ability to control the Corporate Defendants' infringing use of

Plaintiff's SKIP N' WHISTLE mark, and also has a direct financial interest in such activity.

      <u>Common Law Unfair Competition & CUTPA</u>:  Similar to the Lanham Act claim, Plaintiff's

common law unfair competition and CUTPA claims are each grounded in Defendants' unfair and

deceptive conduct that caused substantial damage to Plaintiff's business in the form of diversion of

trade, monetary and reputational damages.  Defendants unfairly competed with Plaintiff by ripping

off its Ugly Christmas Merchandise, and then proceeding to price such Alleged Counterfeit

Merchandise much lower than the price of Plaintiff's.  Defendants have exhibited the same type of

infringing behavior against other small businesses.  The documents demonstrate that Connecticut

consumers were duped, and it is not in the interest of the State to serve as the home of a network of

companies designed to siphon off small business' commercial success by ripping off what made those businesses so successful.

Damages and Other Remedies:  Plaintiff's primary goal is to be made whole.  There is an assortment of damages and remedies available to Plaintiff, particularly in light of Defendants' willful infringement and objectively unreasonable conduct.  First, damages and profits are available under 17 U.S.C. § 504(b) and 15 U.S.C. § 1117.  Second, Plaintiff is entitled to treble damages and attorneys' fees under the Lanham Act.  Third, Plaintiff may be awarded punitive damages in an amount likely to deter Defendants from continuing to carry on a business model that causes harm to the public.  Lastly, Plaintiff may be awarded injunctive relief.

(b)

<div style="border:1px solid #ccc;">**Comment [A1]:** Insert Defendants' statement as to the nature of the case.</div>

7.      **STATEMENT OF THE CASE:**[2]  The plaintiff in this case, Skip and Whistle, LLC d/b/a Skip N' Whistle, alleges that the defendants, Old Glory, LLC, Red Rocket Merchandising Corp., iMerchandise, LLC, Artist Brands, LLC and Mr. Glenn Morelli, violated its copyright and trademark rights relating to Christmas-themed sweatshirts.  Skip N' Whistle alleges that defendants copied its Christmas-themed designs and then sold the defendants' items in a manner that made it appear they were SKIP N' WHISTLE-branded items.  Skip N' Whistle claims that this caused financial harm to its business as a result of lost revenue during the 2013 Christmas season.  The defendants deny the allegations against them.

8.      **TRIAL BY MAGISTRATE JUDGE:**  Not applicable.

9.      **LIST OF WITNESSES:**

        (a)      **Plaintiff's List of Witnesses:**

---

[2] This is the Statement of the Case read to the jury on March 11, 2016.

Plaintiff reserves its right to call any of the witnesses identified by Defendants and reserves its right to call additional witnesses for the purposes of rebuttal or impeachment.  On its case in chief, Plaintiff expects to call **Mr. Chris Reams**, with an address at Skip and Whistle, LLC, Box 1910, Mandeville, LA 70740, as a witness at trial.  Mr. Chris Reams will testify regarding all of Plaintiff's claim in the case and the damages related thereto.

Plaintiff may call the following witnesses at trial:

1.     **Mr. Glenn Morelli**, with an address at Red Rocket Merchandising Corp., 47 Industrial Park Road, Centerbrook, CT 06409.  Mr. Glenn Morelli may be called to testify primarily for purposes of authenticating documents produced by Defendants.

2.     **Mr. Chris Kappelman**, with an address at Red Rocket Merchandising Corp., 47 Industrial Park Road, Centerbrook, CT 06409.  Mr. Chris Kappelman may be called to testify primarily for purposes of authenticating documents produced by Defendants.

3.     **Mr. Edward Cook**, with an address at Backward Pipe LLC, 17 Industrial Park Road, Suite 10, Centerbrook, CT 06409.  Mr. Edward Cook may be called to testify primarily for purposes of authenticating documents produced by Defendants.

4.     **Ms. Angela Halperin f/k/a Angela D'Amico**, with an address at 46 East Shore Avenue, Groton, CT 06340.  Ms. Angela Halperin f/k/a Angela D'Amico may be called to testify primarily for purposes of authenticating documents produced by Defendants.

(b)     **Defendants' List of Witnesses:**

Defendants expect to call Mr. Glenn Morelli and Mr. Chris Kappelman as witnesses at trial.

Defendants may call Mr. Edward Cook and Ms. Angela Halperin f/k/a Angela D'Amico

10.     **DEPOSITION TESTIMONY:**

(a)      Plaintiff reserves its right to designate deposition testimony in the event that the

witnesses are unavailable or unresponsive to trial subpoenas.

(b)

> **Comment [A2]:** Insert Defendants' deposition testimony, if any.

**11.**      **EXHIBITS:**

Plaintiff's list of exhibits is attached hereto as Exhibit A.

Defendants' list of exhibits is attached hereto as Exhibit B.

> **Comment [A3]:** Insert Defendants' list of exhibits.

**12.**      **ANTICIPATED EVIDENTIARY PROBLEMS:**

(a)      Plaintiff anticipates objecting to certain of Defendants' proposed exhibits to the

extent that they constitute out-of-court statements offered for the truth of the matter asserted.  A list

of the particular exhibits to which Plaintiff anticipates objecting to on hearsay grounds is attached

hereto as Exhibit C.  Plaintiff's anticipated objections are based on the list of exhibits that

Defendants provided on March 14, 2016 and indicated is subject to change.  Therefore, Plaintiff

reserves its right to raise evidentiary objections at trial.

(b)

> **Comment [A4]:** Insert Defendants' anticipated evidentiary problems, if any.

**13.**      **STIPULATIONS OF FACT AND LAW:**

**(a)**      **Stipulation of Uncontroverted Facts:**  The parties are unable to stipulate to any

facts.

**(b)**      **Plaintiff's Statement of Contested Issues of Fact and Law:**  The parties are unable

to agree on the contested issues of fact.  Plaintiff is unaware of any legal authorities on which

Plaintiff is relying that Defendants contest.  Accordingly, based on the positions that Defendants

have taken, Plaintiff states that the issues of fact listed below are in dispute.  Plaintiff does not

believe that there is a dispute as to most or all of these topics.

1.      Whether Plaintiff's SKIP N' WHISTLE mark is a valid trademark.

2.      Whether Defendants used the SKIP N' WHISTLE mark in commerce.

3.      Whether Defendants used the identical SKIP N' WHISTLE mark in conjunction with the types of products that Plaintiff makes.

4.      Whether there is a likelihood of confusion between the parties and/or their products.

5.      Whether Plaintiff's SKIP N' WHISTLE mark is inherently distinctive.

6.      Whether Plaintiff's SKIP N' WHISTLE mark has acquired secondary meaning.

7.      The degree of similarity between Plaintiff's SKIPI N' WHISTLE mark and the mark Plaintiff alleges Defendants used.

8.      Whether both parties use their marks to market the same, related, or complementary types of products or services.

9.      The likelihood that Skip N' Whistle will "bridge the gap" between its products and Defendants'.

10.     Whether Defendants' use of the SKIP N' WHISTLE mark has led to instances of actual confusion among relevant consumers.

11.     Whether Defendants use the name SKIP N' WHISTLE in bad faith.

12.     Whether Defendants' products are of lower quality than Skip N' Whistle's products.

13.     The level of sophistication of the consumers purchasing the products at issue.

14.     Whether Defendants' conduct violates public policy.

15.     Whether Defendants' conduct was immoral, unethical, oppressive, or unscrupulous.

16.     Whether Defendants' acts caused substantial injury to Skip N' Whistle.

17.     The amount of profits that Defendants earned from their infringement of Plaintiff's copyrights.

18.     Whether Defendants willfully infringed Plaintiff's copyrights.

9

19.     The amount of profits that Defendants earned from their acts of trademark infringement.

20.     The amount of actual damages Plaintiff sustained as a result of Defendants' trademark infringement.

21.     Whether Defendants intentionally used Plaintiff's SKIP N' WHISTLE trademark to sell the Alleged Counterfeit Merchandise.

22.     Whether Defendants knew or recklessly disregarded the possibility that their actions were infringing.

23.     Whether Defendants acted with a reckless indifference to the rights of others or intentionally and wantonly violated the rights of others.

24.     Whether Morelli knew or had reason to know of the Corporate Defendants' infringement of Plaintiff's copyrighted designs.

25.     Whether Morelli materially contributed to the Corporate Defendants' infringement of Plaintiff's copyrighted designs.

26.     Whether Morelli knew or had reason to know of the Corporate Defendants' infringement of Plaintiff's SKIP N' WHISTLE mark.

27.     Whether Morelli had control over and continued to supply the instrumentality that the Corporate Defendants used to infringe Plaintiff's SKIP N' WHISTLE mark.

28.     Whether Morelli and the Corporate Defendants have an apparent or actual partnership, have authority to bind one another in transactions with third parties, or exercise joint ownership or control over the Corporate Defendants' trademark infringement.

29.     Whether Morelli financially benefitted from the Corporate Defendants' trademark infringement.

14.    **TRIAL TO COURT/JURY:**

    **(a)**    **Court:**  Equitable questions, including Plaintiff's entitlement to, and amount of, attorneys' fees and Plaintiff's entitlement to injunctive relief, shall be determined by the Court at the conclusion of the case.

    **(b)**    **Jury:**

        **(1)**    **Proposed Voir Dire Questions:**

        Plaintiff submitted its proposed voir dire questions to the Court via email prior to jury selection on March 10, 2016.

        Defendants submitted their proposed voir dire questions to the Court via email prior to jury selection on March 10, 2016.

        **(2)**    **Proposed Jury Instructions:**

        Plaintiff's proposed jury instructions are attached hereto as Exhibit D.

        Defendants' proposed jury instructions are attached hereto as Exhibit E.

> **Comment [A5]:** Insert Defendants' proposed jury instructions.

        **(3)**    **Jury Interrogatories/Proposed Verdict Form:**

        Plaintiff's proposed verdict form is attached hereto as Exhibit F.

        Defendants' proposed verdict form is attached hereto as Exhibit G.

> **Comment [A6]:** Insert Defendants' proposed verdict form.

        **(4)**    **Proposed Case Statement:**

        Plaintiff submitted its proposed statement of the case to the Court prior to jury selection via CM/ECF on March 10, 2016.  *See* Dkt. 218.

        Defendants submitted their proposed statement of the case to the Court prior to jury selection via CM/ECF on March 10, 2016.  *See* Dkt. 217.

Respectfully submitted,

SKIP AND WHISTLE, LLC
d/b/a SKIP N' WHISTLE

OLD GLORY, LLC, RED ROCKET
MERCHANDISING CORP.,
iMERCHANDISE, LLC, ARTIST
BRANDS LLC and GLENN MORELLI

By its attorneys,

By their attorneys,

 /s/  Eleanor M. Lackman
Eleanor M. Lackman (*pro hac vice*)
Marissa B. Lewis (*pro hac vice pending*)
COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, NY  10010
Phone: (212) 974-7474
Fax: (212) 974-8474
ELackman@cdas.com

 /s/ John T. Harding
John T. Harding (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, 3rd Floor
Boston, MA  02110
Phone: (857) 313-3931
Fax: (857) 313-3951
John.Harding@lewisbrisbois.com

Howard K. Levine (ct10555)
CARMODY TORRANCE SENDAK &
HENNESSEY, LLP
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT  06510
Phone: (203) 777-5501
Fax: (203) 784-3199
HLevine@carmodylaw.com

Christopher E.H. Sanetti (ct27920)
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Pearl Street, Suite 1348
Hartford, CT 06103
Phone: (860) 748-4806
Fax: (860) 748-4857
Christopher.Sanetti@lewisbrisiobois.com

Josephine Brosas (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
Phone: (213) 580-6310
Fax: (213) 250-7900
Josephine.Brosas@lewisbrisbois.com